THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

**REPORT,
RECOMMENDATION
AND ORDER**

v.

09-CR-0120(A)(M)

ANTHONY BRANTLEY,

                Defendant.
_____

        This case was referred to me by Hon. Richard J. Arcara for supervision of all pretrial matters [20].[1] Before me is defendant's pretrial motion [39]. Oral argument was held before me on February 12, 2010. For the following reasons, I recommend that defendant's motion for suppression of physical evidence and statements be denied and order that defendant's discovery motions be granted in part and denied in part.

**BACKGROUND**

        Defendant is charged in a seven-count indictment with, *inter alia*, possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B), and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Indictment dated April 16, 2009 [1].

---

    [1]    Bracketed references are to the CM/ECF docket entries.

## ANALYSIS

A.   **Motion to Suppress Physical Evidence**

Defendant seeks to suppress the physical evidence seized from a backpack recovered from 723 8th Street Niagara Falls, New York (the "residence") on September 25, 2008. According to defendant, he was chased by police officers into the residence where a backpack was later recovered containing a gun and drugs. Comerford affirmation [39], ¶5. Relying on the supporting deposition of Andrea Woods, the occupant of the residence, that defendant did not have permission to enter the residence, the government argues that defendant lacks standing to challenge the search. Government's response [40], Ex. A.

In order to establish standing to challenge the search of the residence, defendant must show "that he owned the premises or that he occupied them and had dominion and control over them by leave of the owner". United States v. Watson, 404 F.3d 163, 166 (2d Cir. 2005). "Defendant has not submitted any sworn factual allegations regarding either the statements or the physical evidence that Defendant seeks to suppress. Defendant's bare assertions and 'belief, in the absence of an affidavit from an individual with personal knowledge of the underlying facts, are insufficient to create a factual dispute requiring a suppression hearing." United States v. Clarke, 2006 WL 3615111, *6 (S.D.N.Y. 2006). Accordingly, I recommend that this aspect of defendant's motion be denied without an evidentiary hearing. *See* Watson, supra, 404 F.3d at 167 ("nor was it necessary for the District Court to hold an evidentiary hearing . . . . Since we hold that defendant failed to prove that he had the legitimate expectation of privacy to challenge the search of [the residence], we need not reach the substance of his suppression motion"); United States v. Ouinones, 2005 WL 2148333, *3 (W.D.N.Y.2005) (Foschio, M.J.), report and

recommendation adopted, Hon. John T. Elfvin by Memorandum and Order dated August 16, 2005 ("As neither Defendant has established standing to challenge the search, the motion to suppress should be DENIED without an evidentiary hearing").

**B.    Motion to Suppress Statements**

Because defendant argues that his statements should be suppressed as fruit of the unconstitutional search (Comerford affirmation [39], ¶¶6-7), I similarly recommend that this aspect of defendant's motion be denied.

**C.    Motion for Severance**

Defendant moves to sever the counts of the indictment. Comerford affirmation [39], ¶¶8-11. "Such motions are more appropriately heard and determined by the trial court, which is in the best position to rule on the issues presented." United State v. Mireles, 2009 WL 4067643, *4 (W.D.N.Y. 2009)(Scott, M.J.). Therefore, this aspect of defendant's motion is denied, without prejudice to renewal before Judge Arcara.

**D.    Motion for Discovery and Inspection**

Defendant moves to compel discovery pursuant to Fed. R. Crim P. ("Rule") 16(a)(1)(A)(B)&(D). Comerford affirmation [39], ¶12. The government responds "that all items discoverable under [Rule 16(a)(1)(A), (B), and (D)] except the curriculum vitae of the chemist and the fingerprint examiner have been provided . . . . These curriculum vitae will be supplied in due course. " Government's response [40], p. 8.

Based upon the government's representation, this aspect of defendant's motion is denied as moot. *See* United States v. De La Cruz, 2006 WL 2322692, *2 (S.D.N.Y. 2006) ("This Court has no reason to believe that the Government has not acted reasonably and in good faith to date and is satisfied with the Government's representations. Therefore, defendants' motions related to such materials are denied."). The government shall provide defendant with its expert witness disclosures pursuant to Rule 16(a)(1)(G) no later than 30 days before trial or as ordered by Judge Arcara. *See* United States v. Lino, 2001 WL 8356, *21 (S.D.N.Y. 2001)("this Court directs that the Government provide expert witness disclosure to defendants thirty days before trial.").

**E.     Motion for Informant Information**

Defendant seeks the names of all informants utilized by the government in its investigation of this case. Comerford affirmation [39], ¶¶13-16. The government responds that "no informants or cooperating witnesses were used in this case." Government's response [40], p. 8. Therefore, this aspect of defendant's motion is denied as moot.

**F.     Motion for Brady and Jencks  Act Material**

Defendant moves to compel all Brady and Jencks Act (18 U.S.C. §3500) material. Comerford affirmation [39], ¶¶19-27, 36-43. The government responds that it "is not in possession of, and is not aware of, any evidence or other materials that are 'exculpatory' or that could be used to impeach any of the government's witnesses . . . but recognizes its duty to disclose such evidence or material should it come into possession of it or learn of it before trial

4

and, should this occur, will provide it to the defense." Government's response [40], p. 8. It also responds that "the prior statements of all the witnesses who will testify at trial have been provided to counsel for the defendant." Id., p. 9. Based upon the government's representation, this aspect of defendant's motion is denied as moot.

**G.     Motion for Fed. R. Evid. 404(b), 608 and 609 Material.**

Defendant seeks disclosure of evidence pursuant to Fed. R. Evid. 404(b), 608, and 609. Comerford affirmation [39], ¶¶28-31. The government responds that is not in possession of, and is not aware of, any Fed. R. Evid. 404(b) or 608 material. Government's response [40], p. 9. With respect to Fed. R. Evid. 609, the government states that it intends on offering a certified copy of the certificate of conviction stemming from defendant's April 29, 2005 conviction. Id. Based upon the government's representations, I order that this aspect of defendant's motion be denied.

**H.     Motion for Preservation of Rough Notes**

Defendant seeks an order requiring the law enforcement officers that participated in the investigation to retain and preserve all rough notes. Comerford affirmation [39], ¶¶44-47. The government responds that "[t]he Niagara Falls Police Department, as a matter of course, preserves all evidence in their cases, including rough notes, and will do so in this case." Government's response [40], p. 10. Therefore, this aspect of defendant's motion is denied as moot.

5

I.      **Motion for Leave to File Future Motions**

Defendant "reserves the right to make further and additional motions which may be necessitated by the Court's rulings on the relief sought herein." Comerford affirmation [39], ¶48.  "This request is granted provided that any additional bases for relief are based on facts or information learned by reason of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's [Report, Recommendation] and Order." United States v. Baker, 2009 WL 5042715, *2 (W.D.N.Y. 2009) (Schroeder, M.J.).

**CONCLUSION**

For these reasons, I recommend that defendant's motion for suppression of physical evidence and statements be DENIED and order that defendant's discovery motions be GRANTED in part and DENIED in part as set forth herein.  Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order  be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within 14 days after receipt of a copy of this Report, Recommendation and Order.

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance.  See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric

Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Local Rule 58.2, or with the similar provisions of Local Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.

**SO ORDERED**.

DATED:	February 16, 2010

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge